UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
Case No.

PATRICIA FLOYD,

    Plaintiff,

v.

FLORIDA PALMS ACADEMY, INC.

    Defendant.

FILED BY _____ D.C.

JUL 11 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT

Plaintiff, PATRICIA FLOYD ("Plaintiff"), sues the Defendant, FLORIDA PALMS ACADEMY, INC. ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617. The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by the ADA and FMLA.

3. Venue is proper under 28 U.S.C. §1391(b) because the acts complained of occurred within this judicial district and because Defendant has a principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Palm Beach County.

1

## PARTIES

4. At all times material, Plaintiff was and is a resident of Broward County, Florida.

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the ADA and FMLA.

6. At all times material, Defendant is a for profit corporation pursuant to 49 U.S.C. §24301(a)(2), with its principal office and place of business in Broward County and/ or Palm Beach County.

7. At all times material, Defendant was an "employer" as defined by the ADA and FMLA.

## PROCEDURAL REQUIREMENTS

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. *See* **Charge of Discrimination, attached as Exhibit A.**

9. On or about April 11, 2022, the EEOC issued a Right to Sue Letter. The instant action was filed within 90 days from receipt of the Right to Sue Letter. *See* **Charge of Discrimination attached as Exhibit B.**

10. All conditions precedent have been satisfied, waived or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Plaintiff was initially hired by Defendant as a Mental Health Technician on or about 10/19/19. Plaintiff was diagnosed with a brain tumor and was placed on intermittent FMLA leave by her physician on or about 2/1/21. Plaintiff was denied a reasonable accommodation by Defendant's H.R. Director, Shirley Delgado- Lopez.

12. Plaintiff was also disciplined by Defendant's Floor Manager, Mary Stewart on or about 3/11/21 after she had submitted a doctor's note. Further, Plaintiff was harassed by Defendant's Floor Managers Mary Stewart and D' Andre Ransom, who asked for her return to work while I was out on FMLA leave.

13. Plaintiff requested that she be allowed to go on per diem status, and her request was denied on or about 6/11/21. Defendant's Program Manager, Gina Rodriguez, indicated that there were no per diem positions available at the present time and she instructed Plaintiff to reapply if a per diem position became available.

14. Due to the aforementioned wrongful acts, Plaintiff was constructively discharged on or about 6/11/21.

15. Plaintiff was discriminated against because of her disability in violation of the Americans with Disabilities Act of 1990, as amended.

## COUNT I: VIOLATION OF THE ADA –DISABILITY DISCRIMINATION

12. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 15 of this Complaint.

13. Plaintiff's suffered from a disability or was perceived to have suffered from a disability within the meaning of the ADA.

14. At all times during her employment, Plaintiff was qualified to perform the essential functions of her position, with or without reasonable accommodations.

15. Defendant was aware of Plaintiff's disability and/or perceived her to have a disability.

16. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

17. The reasons put forward by Defendant for its actions against Plaintiff were and are pretextual and false and were put forward solely to disguise the illegal and ugly reality of Defendant actions.

18. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

19. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

   b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

   c. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

   d. Award Plaintiff prejudgment interest on his damages award;

   e. Award Plaintiff reasonable costs and attorney's fees; and

   f. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE ADA - FAILURE TO ACCOMMODATE

20. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

21. Plaintiff's brain tumor qualifies as a disability within the meaning of the ADA.

22. Plaintiff was a person with a disability or was a person with a perceived disability, within the meaning of the ADA.

4

23. At all times material, Defendant was aware of Plaintiff's condition and the necessary accommodations she required.

24. The accommodations requested by Plaintiff were reasonable.

25. At all times material, Plaintiff was qualified to perform the essential functions of her position with reasonable accommodations.

26. Defendant refused to make Plaintiff's requested accommodations even though it was able.

27. Plaintiff's request for accommodation would not impose an undue hardship to Defendant.

28. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

29. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

   b. Award Plaintiff factual damages suffered, including lost wages, loss of fringe benefits and damages;

   c. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

   d. Award Plaintiff prejudgment interest on his damages award;

   e. Award Plaintiff reasonable costs and attorney's fees; and

   f. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III:
## INTERFERENCE WITH FMLA RIGHTS

30. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

31. Plaintiff was an " eligible employee" and entitled to leave under the FMLA.

32. At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of her medical condition and in fact, applied for and was approved FMLA leave.

33. Plaintiff provided enough information for Defendant to know that her medical leave was covered by FMLA.

34. Defendant was aware that Plaintiff was unable to work due to her medical condition.

35. Defendant had specific knowledge of Plaintiff's medical condition and the reason for Plaintiff's absences and upcoming absences from work.

36. Despite its knowledge of Plaintiff's medical condition, her need for FMLA leave, Defendant's approval of her FMLA leave and her request for FMLA leave on February 1, 2021, Defendant interfered with her leave by harassing her and requesting that she return to work during her leave.

37. Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

   **WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

   c. Award Plaintiff liquidated damages based on Defendant's conduct;

   d. Award Plaintiff prejudgment interest on her damages award;

  e. Award Plaintiff reasonable costs and attorney's fees;

  f. Award Plaintiff any further relief pursuant to the FMLA; and,

Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT IV:
## FMLA RETALIATION

38. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

39. Plaintiff was an " eligible employee" and entitled to leave under the FMLA.

40. At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of her medical condition and in fact, applied for and was approved FMLA leave.

41. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by FMLA.

42. Defendant was aware that Plaintiff was unable to work due to her medical condition.

43. Defendant had knowledge of Plaintiff' medical condition, her history of taking FMLA leave and the reason for Plaintiff's absences and upcoming absence from work.

44. Defendant had a history of retaliating against Plaintiff for taking FMLA leave as discussed in the General Allegations section of this Complaint.

45. Due to the aforementioned wrongful acts, Plaintiff was constructively discharged on or about 6/11/21.

46. Defendant's constructive termination of Plaintiff was substantially motivated by an intent to retaliate against her for using her FMLA leave.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendant's conduct;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: July 11, 2022

By: /s/ Floyd
PATRICIA FLOYD, pro se
5060 SW 64th Avenue, #204
Davie, FL 33314
Tel.: 954-658-5108
Email: p.floyd31@yahoo.com

EEOC Form 5 (11/09)

|  |  |  |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Charge No(s): <br> **510-2021-02244** |

PLAINTIFF'S EXHIBIT A

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) **Mrs. Patricia A. Floyd** | Home Phone (Incl. Area Code) **(954) 658-5108** | Date of Birth **1975** |
|---|---|---|
| Street Address **P.O. Box 245665, Pembroke Pnes, FL 33024** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **FLORIDA PALMS ACADEMY** | No. Employees, Members **15 - 100** | Phone No. (Include Area Code) **(954) 746-5200** |
|---|---|---|
| Street Address **5925 MCKINLEY ST, Pembroke Park, FL 33021** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02/01/2021  Latest: 06/11/21
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was initially hired by the Employer as a Mental Health Technician, on 10/19/19. I was placed on intermittent FMLA leave on 2/1/21. I was denied a reasonable accommodation by the H.R. Director, Shirley Delgado-Lopez. I was also disciplined by Ms. Mary Stewart, Floor Manager (3/11/21), after I had submitted a doctor's note which indicated that I might occasionally arrive late to work. I have been harassed by Floor Manager's Mary Stewart and D' Andre Ransom. These managers had asked me to return to work while I was out on FMLA leave. I requested that I be allowed to go on per diem status, although my request was denied on 6/11/21.

Ms. Gina Rodriguez, Program Manager, indicated that there were no per diem positions available at the present time and she instructed me to reapply if a per diem position became aavailable.

I believe that I have been discriminated against because of my Disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief <br> SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date _____ Charging Party Signature _____ | |



PLAINTIFF'S EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/11/2022

**To:** Mrs. Patricia A. Floyd
P.O. Box 245665
PEMBROKE PNES, FL 33024
Charge No: 510-2021-02244

EEOC Representative and email:  Donn Dernick
Investigator
Donn.Dernick@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-02244.

On behalf of the Commission,

Digitally Signed By: Roberto Chavez
04/11/2022
Roberto Chavez
Acting Director

**Cc:**
Shirley Delgado-Lopez
FLORIDA PALMS ACADEMY
sdelgado-lopez@floridapalmsacademy.com


Please retain this notice for your records.